

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:02cr100 |
| | § | (Judge Schell) |
| GILBERT ANTHONY DURAN (12) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 16, 2008 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Stevan Buys.

On September 2, 2004, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 51 months imprisonment, followed by a 5 year term of supervised release for the offense of Conspiracy to Distribute or Dispense or Possess with Intent to Distribute or Dispense 3, 4-Methylenedioxy-Methamphetamine ("MDMA" or "Ecstasy"), Methamphetamine, Cocaine and Gama Hydroxybutyrate ("GHB"). On June 23, 2006, Defendant completed his period of imprisonment and began service of the supervision term. On December 11, 2007, Defendant's conditions of supervision were modified to include 120 days of home detention with electronic monitoring. On September 18, 2006, this matter was re-assigned to the Honorable Richard A. Schell, United States District Judge.

1

On December 1, 2008, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 936). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) The Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) the Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (5) The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (6) The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

The petition alleges that Defendant committed the following violations: (1) On October 17, 2008, the Defendant was arrested in Plano, Texas, by the Plano Police Department, for the offense of Manufacture/Delivery of a Controlled Substance, over 400 grams. The Defendant posted a $10,000 bond and was released; (2) Defendant failed to notify the U. S. Probation Officer of his arrest on October 17, 2008, within 72 hours; (3) Defendant failed to notify the U. S. Probation Officer of his arrest on April 14, 2008, within 72 hours. On April 14, 2008, the Defendant was arrested in McKinney, Texas, by McKinney Police Department for outstanding traffic warrants; (4) Defendant failed to submit a written report within the first five days of the month for the months of June, July, and October 2008; (5) Defendant submitted an incorrect employment address to the U. S. Probation Office. The address listed by the Defendant is a vacant, foreclosed property; (6) Defendant provided a different home address to the Plano Police Department during his arrest on

October 17, 2008, than the home address submitted on his written monthly reports and where the U. S. Probation Office conducted home visits.

Prior to the Government putting on its case, the Defendant entered a plea of true to all of the alleged violations with the exception of the violation that the defendant shall not commit another federal, state, or local crime. The Court indicated that it took judicial notice of the testimony offered during the detention/preliminary hearing in this matter. At the hearing, the Court found that the Defendant has violated the terms of his supervised release, and the Court recommended that Defendant's supervised release be revoked based on those violations. Defendant waived allocution before a district judge.

## **RECOMMENDATION**

Having heard the argument of counsel, the Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of forty (40) months, to be served consecutively to any other term of imprisonment the Defendant is serving, with no term of supervised release to follow.

**SIGNED** this 22 day of December, 2008.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE